**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TYSON R.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-810** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | **Magistrate Judge Caroline H. Gentry** |
| | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Tyson R.'s Objection (ECF No. 12) to the Magistrate Judge's July 31, 2026, Report and Recommendation ("R&R"). (ECF No. 11). Upon independent review and for the reasons stated below, the R&R (ECF No. 11) is **ADOPTED**, Plaintiff's Objection (ECF No. 12) is **OVERRULED**, and this Court **DIRECTS** the Clerk of Court to **TERMINATE** this case.

## I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits in November 2022. Plaintiff alleged that he has been under a disability since December 2021 (ECF No. 11 at 2), which was caused by mental health issues, fatigue, obesity, and neuropathic pain in his left leg after a history of foot surgery. His claim was denied initially and upon reconsideration. (ECF No. 8 at 2). Plaintiff requested a hearing which was held in April 2024 before Administrative Law Judge ("ALJ") Yerian. (*Id.*). In July 2024, the ALJ found that Plaintiff was not eligible for benefits because he did not meet the Social Security Act's definition of disabled. (ECF No. 11 at 1).

The ALJ's decision followed the five-step sequential evaluation process outlined in the Social Security Regulations. (*Id.* at 4); 20 C.F.R. § 404.1520. Step one considers work activity, steps two and three assess medical severity, step four requires an evaluation of residual function capacity (RFC), and step five examines RFC, age, education, and work experience to determine if the applicant can adapt to other work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Magistrate Judge summarized the ALJ's determinations, making the following findings of fact:

> Step 1: Plaintiff did not engage in substantial gainful activity during the period at issue from the alleged onset date of December 16, 2021 through the date last insured of December 31, 2022.
>
> Step 2: He had the severe impairments of plantar fasciitis with status post release, bilateral ankle contractures, lower extremity edema, obesity, idiopathic lower extremity neuropathy, major depressive disorder, and generalized anxiety disorder.
>
> Step 3: He did not have an impairment or combination of impairments that met or equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: His residual function capacity (RFC) or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to the following limitations: "[H]e could not climb ladders, ropes, or scaffolds or have exposure to hazards such as unprotected heights or dangerous machinery. [Plaintiff] could frequently stoop or crouch, as well as occasionally climb ramps or stairs, kneel or crawl. Mentally, [Plaintiff] could adapt to occasional changes at the workplace. He could not perform work requiring a production rate pace, such as a fast assembly line."
>
> He had no past relevant work.
>
> Step 5: Through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed.

(ECF No. 11 at 4-5). Accordingly, these findings led the ALJ to conclude that Plaintiff did not meet the definition of disability. (*Id.* at 5). Therefore, Plaintiff's application for benefits was denied. (*Id.* at 1).

Plaintiff appealed from the decision, claiming that the ALJ's denial of his claim was contrary to law and regulation. (ECF No. 8 at 11). The contentions in Plaintiff's complaint included that: (1) the ALJ erred in his analysis of the opinion evidence (*Id.*); and (2) the ALJ's decision was not based on substantial evidence, especially as it relates to the symptoms of the plaintiff's severe foot impairments and the required treatment. (*Id.* at 14). The Appeals Council denied Plaintiff's request for review. (ECF No. 8 at 2).

Plaintiff then filed this action. The Magistrate Judge recommended that the ALJ's non-disability finding be affirmed and the case be terminated. (ECF No. 11 at 1). The Magistrate Judge found that the ALJ did not commit reversible error when analyzing the medical opinion evidence (*Id.* at 11), and that the ALJ's RFC was supported by substantial evidence. (*Id.* at 25).

Additionally, Plaintiff objected asserting disagreement with the Magistrate Judge's reasoning and alleging that the ALJ failed to weigh the evidence correctly. (ECF No. 12). Based on these objections, Plaintiff seeks an order remanding this matter to the Commissioner for an award of benefits or, in the alternative, for further proceedings. (ECF No. 11 at 1). Defendant urges this Court to adopt the Magistrate Judge's recommendation, affirming the denial of benefits and termination of the case, asserting that the Magistrate Judge adequately addressed all of the arguments raised in Plaintiff's briefing. (ECF No. 13 at 1).

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also* Fed R. Civ. P. 72 (b)(3).

Judicial review of the ALJ's decision requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F.Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If the ALJ's decision is supported by substantial evidence, then "this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quotation omitted).

An ALJ's failure to apply the correct legal criteria, including appropriate rules and regulations, will result in a reversal even if the decision is otherwise supported by the evidence in the record. *Id.* at 407; *see also Bowen v. Comm'r of Soc. Sec.*, 741 F.3d 708, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-547 (6th Cir. 2004)). Failure to follow the legal requirements "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

## III. LAW AND ANALYSIS

Plaintiff urges this Court to reject the Magistrate Judge's recommendation and remand this claim to the Commissioner. (ECF No. 12 at 2). In his objection, Plaintiff alleges that the ALJ erred in his analysis of the opinion evidence and that the ALJ's decision was not based on substantial evidence, especially as it relates to the Plaintiff's severe foot impairments. *Id.* Plaintiff, furthermore, objects to the Magistrate Judge's reasoning in recommending that the ALJ decision be affirmed. *Id.* This Court finds that the Magistrate Judge properly found that the ALJ applied the correct legal criteria, and his determinations were supported by substantial evidence.

Plaintiff disagrees with the conclusion of the Magistrate Judge that the ALJ did not reversibly err in his analysis of the opinion evidence. *Id.* The only support, however, that Plaintiff extends is that he agrees with the Magistrate Judge's law but disagrees with the ultimate conclusion. Given that Plaintiff fails to make any substantive argument here as to the Magistrate Judge's recommendation, this Court construes this particular objection as a general objection, which is not sufficient to appeal the Magistrate Judge's recommendation. *Reitz v. McKay*, 2014 WL 6770139, at *1 (S.D. Ohio Dec. 1, 2014) (citing *Howard v. Sec of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) ("Plaintiff's 'objection' cannot be construed as anything other than a general objection, which does not suffice to preserve issues for appeal.").

Plaintiff argues that many of the ALJ's arguments support the consistency factor, rather than the supportability factor. Before addressing the merits of such an argument, it is important to note that "there is no requirement that those factors [supportability and consistency] be evaluated separately" nor "is the ALJ required to use the terms 'consistency' or 'supportability' to fulfill her obligation to consider those factors." *Vieira v. Bisignano*, 2026 WL 2099031, at *5 (D. Mass. July 23, 2026). First, as it relates to the supportability factor in the ALJ's analysis of the psychological

consultant opinions, the ALJ was not required to recite and analyze exactly what evidence the consultants relied upon to form their opinions. (ECF No. 11 at 19). It is enough that the ALJ explained that he agreed with the consultants' opinions as they were consistent with the overall record. *Id.* Second, as it relates to the opinions of Dr. Singh, the Magistrate Judge found that because the ALJ "compared Dr. Singh's opinions to his own progress notes, he addressed the supportability factor." (ECF No. 11 at 22). The ALJ was not required to explain his consideration of the supportability and consistency factors for medical opinions as it relates to Dr. Singh's June 2023 letter because Dr. Singh did not state any medical opinions in that letter as defined in 20 C.F.R. § 404.1513. *Id.* at 22-23. Accordingly, since Dr. Singh did not opine about what Plaintiff could do despite his impairments, the ALJ was not required to evaluate the statements in the June 2023 letter under the rules for evaluating medical opinions. 20 C.F.R. § 404.1513. Broadly, the ALJ's explanation was sufficient for this Court "to trace the path of his reasoning," thereby complying with applicable regulation. *See* Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017).

Plaintiff also asserts that the ALJ is obligated to explain his reasoning for finding that the limitations at issue are unsupported by the State Agency's explanations. (ECF No. 12 at 3). The ALJ found the medical consultants' opinions to be unpersuasive as they were inconsistent with the medical evidence and because the consultants did not consider the Plaintiff's hearing testimony. (ECF No. 11 at 15). While the Magistrate Judge asserted that this was not a lengthy explanation, the Magistrate Judge still found it to be sufficient to "show [the ALJ's] work" and "build an accurate and logical bridge between the evidence and the result." *Id.* As such, it is not for this Court to relitigate issues that have already been decided as an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of

the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). A district court is "not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Lewis v. Sole L., PLLC*, 629 F. Supp. 3d 731, 735 (E.D. Mich. 2022) (citing *Nelson v. Saul*, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021)).

Plaintiff disagrees with the finding of substantial evidence by the Magistrate Judge regarding the ALJ's reasoning and conclusion. This Court must determine whether the ALJ's findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 587 U.S. 97, 97 (2019). In his recommendation, the ALJ acknowledges many, if not most, of Plaintiff's complaints included lower extremity pain and swelling, Plaintiff's testimony that he needed to elevate his legs multiple times per day, and complaints of foot pain. The ALJ ultimately did not find that the evidence supported Plaintiff's allegations given that Plaintiff was capable of driving around to inspect his properties, his cane not being medically necessary, as well as the fact that the majority of medical examinations not referring to lower extremity edema as a problem. (ECF No. 5 at 42). In sum, even if substantial evidence in the record could potentially support an opposite conclusion, given that the ALJ's findings are supported by substantial evidence, it must be upheld.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 12) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate

Judge's Report and Recommendation (ECF No. 11) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 14, 2026**